IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW ALAN SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>HOLLAND AND HART, INC.<br><br>    Defendant. | Case No. 1:14-CV-343-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Magistrate Judge granted plaintiff's application to proceed in forma pauperis, and then referred the case to this Court for dismissal, finding that it failed to state a claim for relief. *See Order (Dkt. No. 8).* The Court is authorized to dismiss "at any time" a complaint that, among other things, is "frivolous" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

During this initial review, courts generally construe *pro se* pleadings liberally, giving *pro se* plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**Memorandum Decision – page 1**

# ANALYSIS

Even giving the plaintiff the benefit of all doubts, his complaint is incomprehensible. The Court can discern that he has sued Holland and Hart, Inc., a law firm, but his claims against the firm are unintelligible:

> Holland and Hart serving as mediator even if the wrong decisions are made by counsel the represented (UPS) is still responsible it is looking as if the organization is abusively mis-using counsel and it is becoming more and more apparent through statistics and proof of poor practice in ADA Act and EEOC Law. . . . .
> THE QUESTION IS WAS HOLLAND AND HART INTIMIDATED OR COERSED INTO OPPOSING WHAT HAS BECOME OBVIOUS AND AVOIDING SETTLEMENT? IF NOT IS HOLLAND AND HART TO BLAME FOR UN-NECESSARY DAMAGES TO UPS AND MR. SMITH. THE ATTORNEYS AND YOUR HONOR(S) HAVE A CLEAN CASE HISTORY IT IS THE DESERVED ASSUMPTION OF THE APPELLANT CASE LOAD PROJECTIONS MAY BECOME SKEWED. THERE WAS NOT FOUND A CIVIL/CRIMINAL DATABASE FOR LEGAL PERSONS (ORGANIZATIONS) LIKE NATURAL PERSONS (HUMANS) THIS WOULD DEVELOP A BETTER SENSE FOR THE SEVERITY OF EVERY ADDITIONAL OFFENSE; HOW MANY SIGNS OF THREAT OR DISTRESS WERE BROUGHT FORTH THROUGH PLEADINGS OR OTHERWISE. THE PRO SE APPELANT IS AT A LOSS THIS EVIDENCE BRINGS FORTH DISPARATE IMPACT WITHOUT INTENT. . . . .

*See Amended Complaint (Dkt. No. 2)* at pp. 2-3 (emphasis in original). These allegations make no sense. At best, the Court reads them to complain about the result of a previous lawsuit (apparently in Colorado) against plaintiff's former employer, the United Postal Service, and the role played by Holland and Hart in that litigation and/or settlement process.[1] The complaint is so garbled that it fails to state a claim for relief.

---

[1] Though unclear of the supporting allegations, Plaintiff asserts the following claims against Defendant: (1) "malicious abuse of process" (First Claim for Relief); (2) "malicious prosecution" (Second (Continued)

**Memorandum Decision – page 2**

Moreover, the plaintiff cites no basis for jurisdiction in this Court. Instead, he lists the United States District Court for the District of Washington D.C. in the pleading caption, and alleges that venue is proper in Washington D.C. In addition, he identifies Holland and Hart as once having offices "in the state of Washington D.C.," but now "resides" in Atlanta, Georgia. *See id.* at pp. 1 & 4-5.

It appears that plaintiff – who is barred from filing *pro se* actions in the District of Colorado – is attempting to avoid that bar by complaining about a Colorado ruling in this Court. Plaintiff has filed multiple other lawsuits in federal courts and is subject to a sanction order that restricts his ability to file *pro se* actions in the United States District Court for the District of Colorado. *See Smith v. Byron White 10th Circuit Fed. Court*, Case No. 14-cv-00669-LTB (D. Colo. 2014). In that case, U.S. District Judge Lewis T. Babcock ordered on April 4, 2014 that:

> Mr. Smith will be prohibited from filing any new action in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the District of Colorado unless he obtains permission to proceed *pro se*.

*See id.* (Docket No. 7).[2] In order to proceed *pro se*, Judge Babcock required plaintiff to submit to the Court a motion requesting leave to file a pro se action that includes certain

---

Claim for Relief); (3) "concealment or deceit" (Third Claim for Relief); (4) "malpractice" (Fourth Claim for Relief); (5) "collusion" (Fifth Claim for Relief); (6) "treason" (Sixth Claim for Relief); and (7) "defamation" (Seventh Claim for Relief). See Am. Compl., pp. 9-10 (Docket No. 2).

[2] Notably, through his September 18, 2014 Motion for Joinder of Parties and Marshall Service of Process (Docket No. 7), Plaintiff seeks to add Judge Babcock (and Judge Craig B. Schaffer) as Defendants in this action.

information along with a copy of the proposed new pleading to be filed in the *pro se* action. It appears that plaintiff has attempted to avoid Judge Babcock's order by filing this action in a separate federal court.

These circumstances make this the rare case where an amendment would not cure the defects in this lawsuit. Accordingly, the Court will dismiss this case on the ground that it is frivolous and fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The Court will enter a separate Judgment as required by Rule 58(a).

DATED: January 20, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court